UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NOE DIAZ DIAZ,<br><br>        Petitioner,<br><br>        v.<br><br>PATRICIA HYDE, *et al.*,<br><br>        Respondents. | No. 25-cv-12574-ADB |

**RESPONDENTS' OPPOSITION TO**
**PETITION FOR A WRIT OF HABEAS CORPUS (Doc. No. 1)**

The Court should deny Petitioner Noe Diaz Diaz's Petition for a Writ of Habeas Corpus. Doc. No. 1. Petitioner requests immediate release from immigration detention, or a bond hearing. *Id*. at 7. But the Court lacks jurisdiction because Petitioner was not in Massachusetts when he filed the petition, and Petitioner is subject to mandatory detention under 8 U.S.C. § 1231 in any event. Accordingly, the Court should deny the Petition, or transfer it to the Western District of New York where Petitioner is confined.

**I.     BACKGROUND**

    **A.     ICE Declaration**

"Petitioner is a native and citizen of Guatemala." Ex. 1, Chan Decl. (Sept. 30, 2025), ¶ 6. "On or about March 11, 2007, a U.S. Border Patrol ("USBP") agent encountered the Petitioner at or near the Hidalgo, Texas Port of Entry[,]" and "determined that the Petitioner was inadmissible under 1182(a)(7)(A)(i)(I)." *Id*. ¶ 7. "Thereafter, the Petitioner was arrested and taken into custody." *Id*. "USBP issued a Form I-860, Notice and Order of Expedited Removal." *Id*. ¶ 8.

A few weeks later, "[o]n or about April 3, 2007, the Order of Expedited Removal was executed, and the Petitioner was removed from the United States." *Id*. ¶ 9.

Thereafter, at "an unknown place and time after April 3, 2007, the Petitioner re-entered the United States." *Id*. ¶ 10.  Earlier this month, "[o]n or about September 14, 2025," ICE "encountered and detained" Petitioner "at or near Burlington, Massachusetts, pursuant to 8 U.S.C. § 1231." *Id*. ¶ 11.  "Thereafter, the Petitioner was issued a Form I-871, Notice of Intent/Decision to Reinstate Prior Order, reinstating the 2007 Expedited Removal Order." *Id*.

Petitioner "is currently housed at Batavia Detention Center in New York." *Id*. ¶¶ 5, 12; *see also* Status Report (Sept. 17, 2025), Doc. No. 8 at 1.

### B. The Petition

Petitioner alleges that he lives in Massachusetts and that immigration authorities arrested him "on or about September 14, 2025." Pet. for Writ of Habeas Corpus (Sept. 14, 2025), Doc. No. 1, ¶¶ 1–2.  Petitioner asserts that his detention violates statute and the due process clause. *Id*. at 4–7.  He requests immediate release or a bond hearing before an immigration judge. *Id*. at 7.

## II. LEGAL STANDARD

Section 2241 of Title 28 of the United States Code provides district courts with jurisdiction to hear federal habeas petitions.  It is Petitioner's burden to establish entitlement to a writ of habeas corpus by proving that his custody violates the Constitution, laws, or treaties of the United States.  *See* 28 U.S.C. § 2241(c)(3); *Espinoza v. Sabol*, 558 F.3d 83, 89 (1st Cir. 2009) ("The burden of proof of showing deprivation of rights leading to an unlawful detention is on the petitioner.").

**III.   ARGUMENT**

    **A.   The Court Lacks Jurisdiction Because Petitioner Was Not in Massachusetts at the Time of Filing**

The Court lacks jurisdiction over this matter because Petitioner was not present in the District of Massachusetts when he filed the Petition for a Writ of Habeas Corpus. Petitioner filed the Petition at 6:22 p.m. on September 14, 2025. Docket Activity Report, Doc. No. 8-1 at 1. Earlier that same day, however, "Petitioner was transferred to Batavia, New York via a flight, which departed Bedford, Massachusetts at approximately 5:25 p.m." Chan Decl. (Sept. 17, 2025), Doc. No. 8-2, ¶ 8. "Petitioner's transfer was conducted as part of standard ICE operations to advance the agency's mission and optimize bedspace management." *Id*. ¶ 9. Petitioner remains "housed at Batavia Detention Center in New York." Ex. 1, Chan Decl. (Sept. 30, 2025) ¶¶ 5, 12.

"District courts are limited to granting habeas relief 'within their respective jurisdictions.'" *Costa v. Lyons,* No. 25-CV-11732-DJC, 2025 WL 1695940, at *1 (D. Mass. June 17, 2025) (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004)). Accordingly, the general rule is that "[w]henever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." *Ozturk v. Trump*, 777 F. Supp. 3d 26, 35 (D. Mass. 2025 (quoting *Padilla*, 542 U.S. at 447).

Thus, courts routinely dismiss or transfer habeas petitions for lack of jurisdiction where, as here, the petitioner was not in the district when the petition was filed. *See, e.g.*, *Padilla*, 542 U.S. at 441 (holding that "the Southern District [of New York] never acquired jurisdiction over Padilla's petition" because he was not in that district when he filed the petition); Electronic Order, *Chirinos v. Hyde*, 25-cv-11641-AK (D. Mass. July 7, 2025), Doc. No. 13 ("Because

3

[petitioner] was not in custody within the District of Massachusetts at the time the habeas Petition was filed, this Court is without jurisdiction to adjudicate this matter.") (cleaned up); Electronic Order, *Arias v. Moniz*, No. 25-cv-11605-ADB (D. Mass. June 24, 2025), Doc. No. 14 (holding that the court "lack[ed] jurisdiction over Petitioner's habeas petition" because "Petitioner was not in the District of Massachusetts when he filed his petition"); *Costa*, 2025 WL 1695940 at *1 (finding no jurisdiction where the habeas petitioner "was not in the District of Massachusetts at the time he filed the Petition"); *Tham v. Adducci*, 319 F. Supp. 3d 574, 576–77 (D. Mass. 2018) (concluding that the court lacked jurisdiction to hear a habeas claim filed when petitioner was not in Massachusetts); *Kantengwa v. Brackett*, No. 19-cv-12566-NMG, 2020 WL 93955, at *1–2 (D. Mass. Jan. 7, 2020) (transferring a case to New Hampshire because "the proper respondent is the warden of the institution where [petitioner] was confined when the petition was filed."); Electronic Order, *Hernandez v. Lyons*, No. 19-cv-10519-DJC (D. Mass. Oct. 11, 2019), Doc. No. 18 (allowing a motion to dismiss because the habeas petitioner "was not in the district when he filed or was pursuing this Petition as is required.").

Admittedly, though, opposing counsel may have been unaware of Petitioner's whereabouts at the time it filed the petition. *See Ozturk*, 777 F. Supp. 3d at 41–42 (holding that petitioner "cannot be faulted for filing the Petition in this Court" where her counsel did not know her whereabouts at the time of filing). Therefore, Respondents would not oppose transfer of the Petition to the Western District of New York where Petitioner now is confined. However, for the reasons that follow, any transfer likely is futile because the petition fails on the merits.

### B. Dismissal is Warranted Because Petitioner's Detention is Lawful Under 8 U.S.C. § 1231 and the Constitution

#### 1. 8 U.S.C. § 1231 Authorizes Petitioner's Detention

The petition fails because Petitioner is detained lawfully under 8 U.S.C. § 1231. An individual—like Petitioner—who has been removed from the United States pursuant to a final order of removal, and who thereafter re-enters the United States illegally, is subject to a statutory provision that allows immigration authorities to reinstate the original removal order and proceed with removal again. 8 U.S.C. § 1231(a)(5); 8 C.F.R. § 241.8; *Johnson v. Guzman Chavez,* 594 U.S. 523, 529-30 (2021). "Congress has created an 'expedited [removal] process' for noncitizens who reenter the United States unlawfully after having previously been removed." *G.P. v. Garland*, 103 F.4th 898, 900 (1st Cir. 2024) (quoting *Guzman Chavez*, 594 U.S. at 529–30). "Specifically, 'the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed.'" *Id*. (quoting 8 U.S.C. § 1231(a)(5)). ICE "must then remove the noncitizen within a 90-day 'removal period.'" *Id*. "Detention is mandatory during the removal period[.]" *Id*. (citing 8 U.S.C. § 1231(a)(2)).

Here, ICE detained Petitioner on or about September 14, 2025, after which ICE reinstated the 2007 expedited removal order by issuing a form I-871, Notice of Intent/Decision to Reinstate Prior Order. Ex. 1, Chan Decl. (Sept. 30, 2025), ¶ 11. Accordingly, the 90-day removal period is ongoing and Petitioner remains detained lawfully under 8 U.S.C. § 1231(a)(2). *See G.P.*, 103 F.4th at 900.

Even if the 90-day removal period had expired here, ICE still could detain Petitioner under 8 U.S.C. § 1231(a)(6). Per § 1231(a)(6), ICE may continue detention beyond the removal period for three categories of individuals:

- Those who are inadmissible to the United States pursuant to 8 U.S.C. § 1182;

- Those who are subject to certain grounds of removability from the United States pursuant to 8 U.S.C. § 1227; or

- Those whom immigration authorities have determined to be a risk to the community or "unlikely to comply with the order of removal."

*See also Guzman Chavez*, 594 U.S. at 528-29.

Here, ICE could detain Petitioner under 8 U.S.C. § 1231(a)(6) because he is inadmissible to the United States under at least two provisions of 8 U.S.C. § 1182. First, § 1182(a)(6)(A)(i) applies to individuals, such as Petitioner, who are "present in the United States without being admitted or paroled." Second, § 1182(a)(9)(C) renders inadmissible individuals, such as Petitioner, who have been ordered removed from the United States, and who then re-enter without being admitted. *See Quezada-Martinez v. Moniz*, 722 F. Supp. 3d 7, 10-11 (D. Mass. 2024) (holding that a previously-removed individual was detained permissibly under § 1231(a)(6)).

Moreover, the Supreme Court has held that § 1231(a)(6) does not contemplate bond hearings. *Johnson v. Arteaga-Martinez*, 596 U.S. 573, 580-81 (2022). The Supreme Court explained that § 1231(a)(6)'s plain text "says nothing about bond hearings before immigration judges or burdens of proof" and therefore held no statutory requirement to conduct bond hearings exists. *Id.* at 581.

### 2. Petitioner's Statutorily-Authorized Detention is Constitutional

Not only is Petitioner's detention valid under statute, it also is constitutional. Generally, "detention during deportation proceedings [is] a constitutionally valid aspect of the deportation process." *Demore v. Kim*, 538 U.S. 510, 523 (2003). The flight risk of individuals, like Petitioner, with a final order of removal and a history of prior removal and illegal re-entry is self-evident because such individuals "have demonstrated a willingness to violate the terms of a

6

removal order, and they therefore may be less likely to comply with the reinstated order." *Guzman Chavez*, 594 U.S. at 544.

Moreover, Petitioner's due process claims fail because detention for six months in this context is "presumptively reasonable," *Zadvydas*, 533 U.S. at 701, and Petitioner has been in ICE custody only since mid-September. *See Rodriguez-Guardado v. Smith,* 271 F. Supp. 3d 331, 335 (D. Mass. 2017) ("As petitioner has been detained for approximately two months as of this date, the length of his detention does not offend due process."); *Julce v. Smith*, No. 18-cv-10163-FDS, 2018 WL 1083734, at *5 (D. Mass. Feb. 27, 2018) (deeming a habeas petition "premature at best" because it was filed after "only three months" of post-final-order detention). And even if Petitioner were in detention beyond six months, he has not provided "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," as would be required for a viable due process claim. *See Zadvydas*, 533 U.S. at 701.

In fact, the First Circuit recently determined that an individual detained for more than four years as he pursued withholding-only proceedings could not make the initial showing that his detention violated the *Zadvydas* framework because his "situation is readily distinguishable from *Zadvydas*." *G.P*, 103 F.4th at 901. Unlike the two individuals in *Zadvydas* who faced potentially permanent detention because of being stateless, the First Circuit found that G.P.'s detention was finite because "if he is ultimately denied relief, the government will be able to move forward with removing him" from the United States. *Id.* at 902.

The First Circuit noted that G.P. was "unable to provide any decision where a court ordered a noncitizen to be released under *Zadvydas* while removal or withholding-only proceedings remained pending before the agency." *Id.* at 903. The First Circuit refused to adopt any of the arguments made by G.P. to reach a contrary result and instead joined several other

circuits to hold that he had, despite being detained for four years and with resolution of proceedings nowhere near imminent, "failed to show that there is no significant likelihood of his removal in the reasonably foreseeable future." *Id.* at 902-03 (internal quotations omitted) (citing *Castaneda v. Perry*, 95 F.4th 750 (4th Cir. 2024) and *Martinez v. Larose*, 968 F.3d 555 (6th Cir. 2020)).

## IV.  CONCLUSION

For the foregoing reasons, the Court should deny the petition or transfer it to the Western District of New York.

Dated: September 30, 2025                                 Respectfully submitted,

                                                                LEAH B. FOLEY
                                                                 United States Attorney

By:   */s/ Julian N. Canzoneri*
       Julian N. Canzoneri
       Assistant U.S. Attorney
       U.S. Attorney's Office
       John Joseph Moakley U.S. Courthouse
       One Courthouse Way, Suite 9200
       Boston, Massachusetts 02210
       (617) 748-3170
       julian.canzoneri@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorneys of record by means of the Court's Electronic Case Filing system on September 30, 2025.

                                                                 */s/ Julian N. Canzoneri*
                                                                  Julian N. Canzoneri
                                                                  Assistant U.S. Attorney